UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NICHOLAS ROBERSON,

   Plaintiff,            Hon. Janet T. Neff

v.                  Case No. 1:09-CV-1036

WILLIE SMITH, et al.,

   Defendants.
_____/

### REPORT AND RECOMMENDATION

   This matter is before the Court on Defendants' Motion for Summary Judgment. (Dkt. #22). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted**. The undersigned further recommends that Plaintiff's claims against Defendant Marutiak be **dismissed without prejudice** for failure to timely effect service.


### BACKGROUND

   The following allegations are contained in Plaintiff's complaint. (Dkt. #1). On May 5, 2009, Plaintiff was charged with two major misconduct violations: (1) inciting to riot or strike and (2) disobeying a direct order. On May 13, 2009, a hearing was conducted on these two charges. Plaintiff, however, chose not to attend the hearing. The hearing was conducted by Hearing Officer Marutiak who found Plaintiff guilty of the charges. Plaintiff appealed this determination to Hearing Administrator Richard Stapleton, arguing that Hearing Officer Marutiak's decision was in error. Specifically, Plaintiff asserted that he was not involved in the incident in question. Hearing Administrator Stapleton denied

Plaintiff's appeal, finding that Hearing Officer Marutiak's decision was supported by the evidence. Plaintiff subsequently sent two kites to Warden Willie Smith in which he asserted that he was not guilty of the misconduct charges in question. Warden Smith did not respond to Plaintiff's kites. Plaintiff initiated the present action on November 12, 2009, against Hearing Officer Marutiak, Hearing Administrator Stapleton, and Warden Smith. Defendants Stapleton and Smith now move for summary judgment. Plaintiff has not yet effected service on Defendant Marutiak.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477

U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

**I.      Defendant Stapleton**

Plaintiff asserts that Defendant Stapleton erroneously upheld, on appeal, his convictions for the aforementioned major misconduct violations. It has long been recognized that hearing officers

in the Michigan prison system are entitled to absolute immunity for discretionary actions taken in their capacity as hearing officers. *See Shelley v. Johnson*, 849 F.2d 228, 230 (1988). The Sixth Circuit has recently reaffirmed this conclusion. *See, e.g., Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007); *Fitts v. Abramajtys*, 62 Fed. Appx. 112, 114 (6th Cir., May 2, 2003); *Umbarger v. Correctional Medical Services*, 93 Fed. Appx. 734, 736 (6th Cir., Mar. 16, 2004).

Defendant Stapleton has submitted an affidavit in which he asserts that he is employed by the Michigan Department of Corrections (MDOC) as the Hearings Administrator. (Dkt. #23, Exhibit A). Stapleton asserts that as the MDOC Hearings Administrator he is "responsible for deciding rehearing requests." Stapleton asserts that he considered Plaintiff's appeal of his major misconduct violations, but rejected such "as the evidence on the record supported the decision" by the Hearing Officer. Stapleton further asserts that he "had no other involvement in the claims the Plaintiff makes in his complaint." *Id.* Plaintiff offers no evidence to the contrary. As Plaintiff is challenging a discretionary decision undertaken by Defendant Stapleton in his official role as the MDOC Hearings Administrator, the Court recommends that Stapleton is entitled to absolute immunity in this matter.

**II.        Defendant Smith**

Plaintiff asserts that after his appeal was denied by Defendant Stapleton, he sent two kites to Defendant Smith asserting his innocence. Plaintiff sues Defendant Smith for failing to respond to his kites.

Liability in a § 1983 action cannot be premised upon passive behavior or an alleged failure to act, rather liability must be based upon active unconstitutional behavior. *See Spencer v. Bouchard*, 449 F.3d 721, 730 (6th Cir. 2006); *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)

(liability is not to be found in passive behavior or an alleged failure to act, rather liability must be based upon "active unconstitutional behavior"). Plaintiff has not alleged that Defendant Smith engaged in any active unconstitutional behavior, but instead merely faults him for failing to respond to his correspondence. Accordingly, the Court recommends that Defendant Smith is entitled to relief.

**III.        Defendant Marutiak**

Plaintiff initiated this action on November 12, 2009. On December 29, 2009, the Court ordered that service be effected on all defendants, including Defendant Marutiak. On January 11, 2010, summonses were issued for all defendants and delivered to the United States Marshal for service. On March 3, 2010, the summons for Defendant Marutiak was returned unexecuted. In the more than seven months since, Plaintiff has neither requested an extension of time to effect service on Defendant Marutiak nor requested the Court's assistance in effecting service on him.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003) (citation omitted). Considering Plaintiff's lack of diligence, the Court recommends that Plaintiff's claims against Defendant Marutiak be dismissed without prejudice for failure to timely effect service.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (dkt. #22), be **granted**. The undersigned further recommends that Plaintiff's claims against Defendant Marutiak be **dismissed without prejudice** for failure to timely effect service.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 1, 2010         /s/ Ellen S. Carmody
                                                         ELLEN S. CARMODY
                                                         United States Magistrate Judge