UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS ROBERSON,

    Plaintiff,                             Case No. 1:09-cv-1036

v                                                 HON. JANET T. NEFF

WILLIE O. SMITH, et al.,

    Defendants.
_____/

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving Plaintiff's convictions for two major misconduct violations in a prison hearing. Defendants Smith (the warden of the prison) and Stapleton (a prison hearing administrator) filed a motion for summary judgment (Dkts 22, 23). Defendant Marutiak had not yet been served. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant the motion for summary judgment as to Defendants Stapleton and Smith and dismiss without prejudice the claim against Defendant Marutiak for failure to timely effect service (R & R, Dkt 39 at 6). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Pl. Obj., Dkt 40). Plaintiff has also filed a Motion to Amend and Enter Defendant Marutiak's Address (Dkt 42). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and

Recommendation to which objections have been made. The Court denies the objections, denies the motion to amend, and issues this Opinion and Order.

Plaintiff argues that the Magistrate Judge erred in finding that Defendant Stapleton is protected by absolute immunity (Dkt 40 at 2). Plaintiff sets forth no specific objections to the Magistrate Judge's analysis, but instead essentially reasserts his prior arguments that he was not identified at the hearing and that his constitutional right to due process was violated by Defendants Stapleton and Marutiak (*id.* at 2-4). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review of objections that are "'[f]rivolous, conclusive or general'" because the parties have a duty to "'pinpoint those portions of the magistrate's report that the district court must specifically consider'") (footnote and citation omitted). The Magistrate Judge properly found that "Plaintiff is challenging a discretionary decision undertaken by Defendant Stapleton in his official role as the MDOC Hearings Administrator" and, as such, that Defendant Stapleton is entitled to absolute immunity in this matter (Dkt 39 at 4). The Court therefore denies Plaintiff's objection.

Plaintiff also objects to the Magistrate Judge's recommendation that Plaintiff's claims against Defendant Marutiak be dismissed without prejudice (Dkt 40 at 1). Plaintiff seeks to establish "good cause" for his failure to effect timely service by stating that he was unaware of the failure of service on Defendant Marutiak (*id.*). Plaintiff asserts that his failure to produce the proper address was the result of difficulty in obtaining the proper address due to his incarceration, and he asks for a 21-day extension of time to allow him to submit the correct address to the Court (*id.* at 2). Three weeks after filing his objection, Plaintiff filed a motion in which he provided a purported corrected mailing

address for Defendant Marutiak (Dkt 42).

Contrary to Plaintiff's assertions, however, Plaintiff was aware that, as of May 3, 2010, Defendant Marutiak had not been served. On that date, Defendants Stapleton and Smith filed their Motion for Summary Judgment and accompanying Brief, indicating that Defendant Marutiak had not yet been served (Dkt 23 at 1). A copy of the Motion and Brief was mailed to Plaintiff on that date (*see* Dkt 24). Plaintiff himself acknowledged receipt of that material in his Request to Forward Missing Documents to Plaintiff, notarized on May 10, 2010 and filed with the Court on May 21, 2010 (Dkt 27). Despite this, and despite the fact that Plaintiff never received any responsive pleadings from Defendant Marutiak, Plaintiff made no effort to request an extension of time to effect service, to provide a corrected address for Defendant Marutiak, or to request the Court's assistance in effecting service in the five months before the Magistrate Judge issued the Report and Recommendation. Because Plaintiff has failed to show good cause for his failure, the Court denies his objection to the dismissal of Plaintiff's claims against Defendant Marutiak.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 210-11 (2007)).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 40) are DENIED and the Report and Recommendation (Dkt 39) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment as to Defendants Stapleton and Smith (Dkt 22) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Defendant Marutiak is DISMISSED WITHOUT PREJUDICE for failure to effect timely service.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: March _7_, 2011                        /s/ Janet T. Neff
                                              JANET T. NEFF
                                              United States District Judge